UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                             Case No. 06-49090

RENAISSANCE STONE WORKS, L.L.C.,                                   Chapter 7

        Debtor.                                          Judge Thomas J. Tucker
_____/

**OPINION REGARDING ORDER FOR ABANDONMENT
OF PROPERTY OF THE ESTATE**

On March 13, 2007, in this bankruptcy case, the Court entered an "Order For Abandonment Of Property Of The Estate" (Docket # 34), which purported to abandon to creditor Craig Cassel the claims of Debtor Renaissance Stone Works, L.L.C. against Blake Turvey. Cassel had been asserting the Debtor's claims against Turvey as derivative claims, in an adversary proceeding related to Turvey's own bankruptcy case (Case Nos. 06-5044 and 06-46793). The abandonment order provided that:

> 1. Any interest of the Estate in the ["Derivative Claims"] as defined in the Stipulation[1] and raised in the Adversary Proceeding is hereby abandoned *to the Creditor, Craig Cassel.*
>
> 2. In the event of any recovery by the Creditor in the Adversary Proceeding, the Debtor's Estate shall share in 20% of such recovery.

(*See* Docket # 34 (italics added).) This order was entered after the Chapter 7 Trustee and Cassel filed a stipulation and served a 15-day notice and opportunity to object on all creditors, and after no one timely objected.

---

[1] The referenced Stipulation is at Docket # 28. Under the Stipulation, the "Derivative Claims" are defined as those claims that Cassel is asserting against Turvey in Adversary Proceeding No. 06-5044, which Turvey alleges are shareholder derivative claims belonging to Debtor Renaissance Stone Works, LLC. (*See* Stipulation at 2.)

On June 25, 2007, the Court *sua sponte* entered its "Order Reopening Case And To Show Cause Why Order For Abandonment (Docket # 34) Should Not Be Vacated" (Docket # 37). The show cause order identified two apparent problems with the abandonment order, and permitted Chapter 7 Trustee Kenneth A. Nathan and creditor Craig Cassel each to "file a written response to this Order, . . . showing cause why the Court should not vacate the abandonment order entered in this case, for the reasons described in this Order." (Docket # 37 at 2, 4.) The Trustee and Cassel filed a joint brief in response to the show cause order. (Docket # 38.)

The Court has reviewed the joint brief and concludes that (1) the portion of the abandonment order purporting to abandon claims to the creditor, Cassel is erroneous and must be corrected; and (2) the portion of the abandonment order entitling Debtor's estate to a percentage of Cassel's possible recovery on the derivative claims in the adversary proceeding is permissible.

**I.      Jurisdiction**

This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

**II.     The first problem — the purported abandonment of property of Debtor's estate to Cassel**

The first problem with the abandonment order discussed in the show cause order is that it "purports to abandon property of the bankruptcy estate to a creditor, Craig Cassel, rather than to the bankruptcy debtor, Renaissance Stone Works, L.L.C." The show cause order states:

> Under 11 U.S.C. § 554(a) and (b), the Trustee may only abandon "property of the estate." As a general rule, therefore, a Chapter 7 Trustee who abandons property necessarily abandons the property only to the bankruptcy debtor, not to a third party such as a

2

> creditor. *See In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 638 (Bankr. E.D. Pa. 1999)("Abandonment under Code § 554 removes property from the bankruptcy estate and returns the property to the debtor as though no bankruptcy occurred."); *In re Jandous Electric Construction Corp.*, 96 B.R. 462, 465 (Bankr. S.D.N.Y. 1989)(explaining "that while Code § 554(b) and corresponding Bankruptcy Rule 6007(b) authorize a party in interest to request the entry of an order directing the trustee to abandon property which is burdensome or inconsequential in value, the property is *not abandoned to the party* requesting the abandonment" but that "[t]he property is abandoned to the debtor")(italics in original).

(Show Cause Order (Docket # 37) at 2.)

The Trustee and Cassel argue that "[a]lthough it is true that in most situations abandoned property reverts [to] the debtor," property may be abandoned to a creditor who has a possessory or security interest in the property. (Joint Br. in Resp. To Show Cause Order at 2-3.) The Trustee and Cassel argue further that "Cassel had a possessory interest in the Derivative Claims at the time the bankruptcy was filed." (*Id.* at 3.) According to the Trustee and Cassel, it was therefore appropriate to abandon the claims to Cassel. The Court must reject these arguments.

First, to the extent the Trustee and Cassel argue that a trustee may abandon property of the estate to a creditor, the Court disagrees. There is no authority in the Bankruptcy Code for the abandonment of property of the estate to a creditor or to any party other than the debtor. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any *property of the estate* that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a)(italics added). Under 11 U.S.C. § 541(a)(1), "property of the estate," with certain exceptions not applicable here, is defined as "all legal or equitable interests *of the debtor* in property as of the commencement of the case." (Italics added). By definition, then, the effect of a trustee abandoning property of the estate under § 554 is simply

3

that whatever legal or equitable interests the debtor may have had in the property are no longer included in the property of the bankruptcy estate. Abandonment does not and cannot convey to any third party any of the estate's (or the debtor's) legal or equitable interests in property. And abandonment of estate property under § 554 is different than a *sale* of estate property under Code § 363.[2]

Many cases hold that abandoned property reverts *nunc pro tunc* to its prepetition status as if no bankruptcy had been filed. *See, e.g., Morlan v. Universal Guar. Life Ins. Co.,* 298 F.3d 609, 617 (7th Cir. 2002)("[W]hen property of the bankrupt is abandoned, the title 'reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously.'")(quoting *Wallace v. Lawrence Warehouse Co.,* 338 F.2d 392, 394 n. 1 (9th Cir.1964)); *Mason v. Commissioner of Internal Revenue,* 646 F.2d 1309, 1310 (9th Cir.1980)("When the court grants a trustee's petition to abandon property in a bankrupt's estate, any title that was vested in the trustee is extinguished, and the title reverts to the bankrupt, nunc pro tunc."); *Bergeron v. Ross* (*In re Ross*), 367 B.R. 577, 580 (Bankr. W.D. Ky. 2007)(quoting *Dewsnup v. Timm* (*In re Dewsnup*)*,* 908 F.2d 588, 590 (10th Cir.1990), *aff'd,* 502 U.S. 410 (1992), ("'[P]roperty abandoned under [section 554] ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition was filed.'"); 3 *Norton Bankruptcy Law and Practice 2d* § 53:1 (William L. Norton, Jr., ed., June 2007)(same).

---

[2] Nothing in this opinion will preclude the Trustee from seeking authority to *sell* the property at issue to Cassel, under Bankruptcy Code § 363, rather than abandon it. To date, however, the Trustee has not filed a motion for authority to sell the claims to Cassel. The Court expresses no opinion at this time as to whether the Debtor's claims against Turvey are assignable under applicable non-bankruptcy law.

4

The debtor's interest in the property abandoned may be subject to another party's possessory rights or security interest, who may enforce such interests under applicable non-bankruptcy law and procedure, once the automatic stay no longer applies. But that does not mean that property abandoned under Code § 554(a) is or can be abandoned to such a third party. Further, abandonment should not be confused with the issue, which may sometimes arise in the case of tangible property, whether a trustee may deliver or surrender possession of property being abandoned to a party other than the debtor.

Second, even if property of the estate could be abandoned to a non-debtor party with a possessory or security interest in that property, Cassel is not such a party. The Debtor, Renaissance Stone Works, L.L.C., is a limited liability company. Cassel and Turvey are members of that company, with interests of 25% and 75% respectively. The Trustee and Cassel admit in their joint brief that the "Derivative Claims" that Cassel (the Debtor's minority member) is asserting against Turvey (the Debtor's majority member) in the adversary proceeding, and which they seek to have abandoned to Cassel, are based on various actions by Turvey which "obviously injured Renaissance." (Joint Br. in Resp. To Show Cause Order at 3-4.) The Trustee and Cassel also state that "Cassel is the party who would have, outside of the bankruptcy proceedings, been responsible for bringing an action against Turvey **on behalf of Renaissance**." (*Id.* at 4 (bold added).) Thus, there appears to be no dispute that the "Derivative Claims" asserted by Cassel against Turvey in the adversary proceeding are claims that belonged to Renaissance Stone Works, L.L.C., and that if such claims are brought by anyone other than Renaissance (or the bankruptcy trustee,) they must be brought *on behalf of* the corporation, as derivative claims.

Cassel now claims to have a possessory interest in these claims of Renaissance. The Trustee and Cassel appear to argue that Cassel has a possessory interest in Renaissance's claims against Turvey because pre-petition, Cassel obtained a state court default judgment against Renaissance which was unsatisfied at the time Renaissance filed for bankruptcy. (*Id.* at 3.).

But the Trustee and Cassel cite no authority suggesting that Cassel's pre-petition status as a judgment creditor of Renaissance, without more, gives Cassel a possessory interest in Renaissance's claims against Turvey. Nor do they cite any authority indicating that Cassel's status as a minority member of Renaissance gives him such a possessory interest.

For these reasons, the provision in the Court's abandonment order purporting to abandon the Debtor's claims against Turvey <u>to</u> <u>Cassel</u>, rather than to Debtor, is inconsistent with the Bankruptcy Code and must be corrected. This requires either modifying the abandonment order to provide that the claims at issue are abandoned to the Debtor Renaissance Stone Works, L.L.C., or vacating the abandonment order altogether.

### III. The second problem — the bankruptcy estate sharing in any potential recovery by Cassel

The second possible problem with the abandonment order "is that it purports to abandon property of the estate, while simultaneously retaining an interest in that property (the right to 20% of the proceeds of the property being abandoned)." On this, the Court stated:

> When a trustee abandons property of the estate under § 554, however, the trustee does not and cannot retain any interest in that property. *See In re Pilz Compact Disc, Inc.*, 229 B.R. at 637 ("[T]he effect of abandonment is to divest the trustee [of] any interest in [the abandoned] property.); *Nebel v. Richardson (In re Nebel)*, 175 B.R. 306, 312 (Bankr. D. Neb. 1994)(describing abandonment as where the trustee waives all interest in the abandoned asset and no interest in the asset remains as property of the estate).

(Show Cause Order (Docket # 37) at 2-3.)

In their joint brief, the Trustee and Cassel argue that in stipulating to and obtaining the abandonment order, the Trustee did fully divest the bankruptcy estate of any interest in the claims, and thereby did accomplish an abandonment, and in exchange, the estate obtained a separate, contractual right — to be paid 20% of any recovery on the claims by Cassel. They argue that under the abandonment order,

> [t]he Trustee is fully abandoning any rights the Debtor's Estate has in the Derivative Claims to Cassel. If successful in the adversary proceeding, Cassel will recover[] one hundred percent (100%) of the money from Turvey. At that point, Cassel will pay to the Debtor's Estate the 20% owed pursuant to the Order for Abandonment. Essentially the Order for Abandonment creates a contractual agreement between the Trustee and Cassel. The 20% that will be ow[ed] to the Estate is an obligation of Cassel and not a retention by the Estate of any claims. Cassel has the complete authority to decide whether to pursue the Derivative Claims and the Estate will have no right to any recovery unless Cassel does so.

(Joint Br. in Resp. To Show Cause Order at 4-5.)

The Court is persuaded that a trustee can effectively abandon a claim belonging to a debtor under § 554 in exchange for a contractual right to a percentage of any recovery on that claim. Therefore, the portion of the abandonment order that requires Cassel to pay to Debtor's Estate twenty percent of any recovery in the adversary proceeding on the claims abandoned is permissible.

## IV. The Court's authority to correct the error

Because the abandonment order is erroneous, the Court will correct the error. Generally, bankruptcy courts have inherent power, and authority under 11 U.S.C. § 105(a), independent of any authority under Fed. R. Civ. P. 60(b), *sua sponte* to reconsider, modify or vacate orders it previously entered. As the court in *Meyer v. Lenox* (*In re Lenox*), 902 F.2d 737, 740 (9th Cir. 1990) stated:

7

> [B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders. [S]ee 11 U.S.C. § 105(a). This power has been formalized in Bankruptcy Rule 9024, which makes Federal Rule of Civil Procedure (FRCP) 60 applicable to bankruptcy cases.
>
> Although FRCP 60(b) provides that a court may relieve a party from a final order upon motion, it does not prohibit a bankruptcy judge from reviewing, sua sponte, a previous order. *See* 11 U.S.C. § 105(a)[.] And although FRCP 60(b) refers to relief from final orders, it does not restrict the bankruptcy court's power to reconsider any of its previous orders when equity so requires. The bankruptcy court can even set aside a stipulation entirely if the interests of justice so require and if the parties can be restored to the positions they occupied before they entered the stipulation.

902 F.2d 737, 740 (9th Cir.1990)(citations omitted).

Correcting the error the Court has identified in this opinion is important, not only for this bankruptcy case, but also because it affects the pending adversary proceeding between Cassel and Turvey. An important issue in the adversary proceeding is whether Cassel is pursuing the claims against Turvey as derivative claims (*i.e.*, claims belonging to and brought on behalf of Renaissance Stone Works, L.L.C.), or, in the alternative, as direct claims (*i.e.*, claims now belonging to Cassel.)

## V.    Conclusion

The Trustee and Cassel may, if they wish, file a stipulation and submit a proposed order to modify the abandonment order, to provide for abandonment of the claims to the Debtor, rather than to Cassel, provided that they do so no later than September 7, 2007. Otherwise, the Court will vacate the abandonment order entirely. The Court will enter an appropriate order.

**FOR PUBLICATION**
**Signed on August 27, 2007**                    /s/ Thomas J. Tucker
                                                                **Thomas J. Tucker**
                                                                **United States Bankruptcy Judge**